# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **ANNALYN CLINE,**<br>4844 Vine Street,<br>Huntsville, OH 43324<br><br>    **Plaintiff, for herself**<br>    **and all others similarly situated,**<br><br>v.<br><br>**SAFE AND SECURE**<br>**HOMECARE CORPORATION**<br>c/o Statutory Agent: Robert Nicholson<br>669 Mahoning Ave NW<br>Warren, OH 44483<br><br>and<br><br>**ROBERT J. NICHOLSON**<br>669 Mahoning Ave NW<br>Warren, OH 44483<br><br>    **Defendants.** | Case No.: 2:25-cv-193<br><br>JUDGE:<br><br>MAGISTRATE JUDGE<br><br>**Jury Demand Endorsed Hereon** |

## COLLECTIVE AND CLASS ACTION COMPLAINT

NOW COMES Plaintiff Annalyn Cline (referred to herein as "Plaintiff Cline") on behalf of herself and others similarly situated, and proffers this Complaint for damages against Defendants Safe and Secure Homecare Corporation and Robert J. Nicholson ("Defendants").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, and the Ohio Prompt Pay Act, O.R.C. § 4113.

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, which provides for original jurisdiction of Plaintiff's claims arising under the law of the United States.

3. This Court has jurisdiction over Plaintiff Cline's claims under the laws of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391 because Defendants are doing and have done substantial business in the Southern District of Ohio, and the parties chose this forum in an employment agreement.

## THE PARTIES

5. Plaintiff Annalyn Cline is an individual, a United States citizen, and a resident of the state of Ohio. Plaintiff Cline resides in Logan County, Ohio.

6. Defendant Safe and Secure Homecare Corporation is an Ohio Corporation registered to do business in Ohio and conducting business in the Southern District of Ohio.

7. Defendant Robert Nicholson is an individual and a resident of the state of Ohio.

8. Defendant Nicholson is the founder and Chief Executive Officer of Safe and Secure Homecare Corporation.

9. Defendant Nicholson has operational control over significant aspects of Defendant Safe and Secure Homecare Corporation's business operations, including playing a significant role in labor, employment, and operational decisions of the business.

10. Defendant Nicholson owns, in whole or in part, Defendant Safe and Secure Homecare Corporation.

11. At all times relevant herein, Plaintiff Cline was an employee of Defendants as defined by the FLSA and O.R.C. § 4113.15.

12. Defendants are and have been Plaintiff Cline's "employer" as that term is defined by the FLSA,and O.R.C. § 4113.15.

13. Plaintiff Cline brings this action on her own behalf and on behalf of those similarly situated, and Plaintiff Cline has given written consent to bring this action to collect unpaid overtime wages under the FLSA. The consent is being filed along with the Complaint pursuant to 29 U.S.C. § 216(b). (Attached as Exhibit A).

14. At all times relevant to this action, Defendants have been engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendants constituted an enterprise engaged in commerce within the meaning of the FLSA.

15. Upon information and belief, Defendant's employees were engaged in interstate commerce and Defendant Safe and Secure Homecare Corporation has annual gross volume sales and/or business in an amount not less than $500,000.00 during each the three years preceding this Complaint.

**FACTUAL BACKGROUND**

16. Defendant Safe and Secure Homecare Corporation is in the business of providing home healthcare services throughout Ohio.

17. Defendants employ Home Health Aides, which includes Plaintiff Cline, who provide home healthcare services to Safe and Secure Homecare Corporation's clients in their homes.

18. Upon information and belief, Defendants employ between 150-200 Home Health Aides at any given time.

19. Plaintiff Cline started her employment in or around November 2024. Plaintiff Cline is currently employed by Defendants.

20. Plaintiff Cline's title is Supervisor. In this role, she oversees approximately ten Home Health Aides, also known as Direct Support Professionals (DSPs), throughout Logan and

Union counties. However, the majority of Plaintiff Cline's work is as a DSP providing Home Health Aide services directly to Safe and Secure Homecare Corporation's clients.

21. Other Supervisors have the same job duties as Plaintiff Cline – overseeing Home Health Aides and providing care as a DSP.

22. At all times relevant herein, Supervisors and Home Health Aides, including Plaintiff Annalyn Cline, were paid on an hourly basis.

23. Supervisors and Home Health Aides are not exempt from the overtime mandates of the FLSA and Ohio law.

24. Supervisors and Home Health Aides consistently worked more than 40 hours per workweek within the three years prior to filing this Complaint.

25. At all times relevant herein, Supervisors and Home Health Aides were not paid overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 in a workweek.

26. Instead, Home Health Aides, including Plaintiff Cline, were paid their regular hourly rate for hours worked over 40 in a work week ("straight time").

27. On certain occasions, Plaintiff Cline has complained to Defendant Safe and Secure Homecare Corporation that she is not receiving an overtime premium when she worked more than 40 hours in a week and that this fails to comply with the law.

28.

29. Defendants willfully refused to pay Supervisors and Home Health Aides, including Plaintiff Cline, in accordance with the law.

**COUNT I**
**FLSA Collective Action, 29 U.S.C. §201, *et seq*. -**
**Failure to Pay Overtime**

30. All of the preceding paragraphs are realleged as if fully rewritten herein.

31. Plaintiff Cline brings this FLSA claim pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of herself and all other Similarly Situated Persons ("SSPs") of the opt-in class, which includes the following subclass:

> **All current and former Supervisors and Direct Support Professionals employed by Defendants during the three (3) years prior to the date of filing this Complaint through the date of conditional certification, who worked more than 40 total hours in any workweek, (hereinafter referred to as "FLSA Class").**

32. Defendants subjected Plaintiff Cline and the FLSA Class Members to the same pay policies and procedures by failing to pay them overtime at a rate of one and one-half times their regular rates of pay for all hours worked in excess of 40 during a workweek.

33. This action is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA. Plaintiff Cline is representative of all SSPs and is acting on behalf of others' interests as well as her own in bringing this action.

34. These SSPs are known to Defendants and are readily identifiable through Defendant Safe and Secure Homecare Corporation's payroll records. These individuals may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.

35. In addition to the Plaintiff Cline, numerous putative FLSA Class Members have been denied proper overtime compensation due to Defendants' company-wide refusal to pay an overtime premium for hours worked in excess of 40 per week and failing to pay for compensable time spent traveling between clients.

36. Plaintiff Cline and the SSPs were paid on an hourly basis.

37. Plaintiff Cline and the SSPs were non-exempt employees.

38. Plaintiff Cline and the SSPs frequently worked more than 40 hours per week.

39. Plaintiff Cline and the SSPs were not paid an overtime premium for all hours worked in excess of 40 in each workweek. Instead, they were paid their regular hourly rate—i.e. "straight time."

40. Defendants were aware that Plaintiff Cline and the SSPs regularly worked more than 40 hours per workweek but were not receiving overtime compensation at a rate of one and one-half times their regular rate of pay for hours worked in excess of 40 per week.

41. Defendants' violation of the FLSA was willful, as Defendants knew or demonstrated reckless disregard as to whether it was required to pay Plaintiff Cline and the SSPs at an overtime premium for all hours worked in a workweek in excess of 40.

42. Accordingly, Plaintiff Cline and the SSPs were forced to work more than 40 hours per week without proper overtime compensation. As a result, Plaintiff Cline and the SSPs have been damaged.

## COUNT II
**Class Action, Fed. R. Civ. P. 23; O.R.C. § 4113.15 –
Failure to Tender Pay by Regular Payday**

43. All of the preceding paragraphs are realleged as if fully rewritten herein.

44. Plaintiff Cline asserts this claim under O.R.C. § 4113.15 ("Ohio Prompt Pay Act"), which requires Defendants to compensate their employees within thirty (30) days of the performance of compensable work, pursuant to Fed. R. Civ. P. 23 as a class action on behalf of herself and all other members of the following "Class":

> **All current and former Supervisors and Direct Support Professionals employed by Defendants during the two (2) years prior to the date of**

>**filing this Complaint through the date of class certification, who worked more than 40 total hours in any workweek, (hereinafter referred to as "Rule 23 Class").**

45. Defendants failed to make proper wage payments to Plaintiff Cline and the Rule 23 Class Members for all hours worked.

46. By failing to make the wage payments within 30 days of when such payments were due, Defendants have violated O.R.C. § 4113.15.

47. Defendants subjected Plaintiff Cline and the Rule 23 Class Members to the same pay policies and procedures by failing to pay them within thirty days of the performance of compensable work.

48. The Rule 23 Class, as defined above, is so numerous such that joinder of all members is impracticable. Upon information and belief, the Rule 23 Class consists of more than 150 current and former employees.

49. Plaintiff Cline is a member of the Rule 23 Class and her claim for unpaid overtime wages is typical of the claims of other members of the Class.

50. Plaintiff Cline will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

51. Plaintiff Cline has no interest antagonistic to or in conflict with interests of the Class that she is undertaking to represent.

52. Plaintiff Cline has retained competent and experienced class action counsel who can ably represent the interests of the Rule 23 Class.

53. Questions of law and fact are common to the class, including:

    a. Whether Defendants violated O.R.C. § 4113.15;

    b. Whether Defendants established its payroll policy, knowing the policy violated the law and failed to promptly compensate Supervisors and Direct Support Professionals;

    c. Whether Defendants' violations of O.R.C. § 4113.15 were knowing and willful;

    d. What amount of unpaid compensation is owed to Plaintiff Cline and the other members of the Rule 23 Class as a result of Defendants' violation of O.R.C. § 4113.15; and

    e. What amount of prejudgment interest is owed to the Rule 23 Class members on their compensation, which was unlawfully delayed or withheld.

54. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to its Supervisors and Direct Support Professionals.

55. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendants acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiff Cline and the Rule 23 Class as a whole.

56. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law or fact common to class members predominate over any questions affecting only individual members.

57. A class action is superior to individual actions for the fair and efficient adjudication of Plaintiff Cline's claim and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Plaintiff Cline and her counsel are not aware of any pending litigation on behalf of any the Rule 23 Class, as defined herein, or on behalf of any individual alleging a

similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendants to vindicate their rights. In addition, individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their unpaid employees. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

58. For Defendants' violation of O.R.C. § 4113.15, Plaintiff and Rule 23 Class Members are entitled to recover six percent of their unpaid wages claim or two hundred dollars per pay period, whichever is greater.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Cline is entitled to and prays for the following relief:

A. As to Count I, certification as a collective action to all SSPs and appointment of Plaintiff Cline and her counsel to represent the FLSA Class; enter an order directing Defendants to pay into a common fund for the benefit of Plaintiff Cline and all other members of the FLSA Class the total amount of damages to which Plaintiff Cline and the class are entitled, including unpaid overtime, liquidated damages, pre-judgment and post-judgment interest, costs and expenses of the litigation and administration of the common fund, and attorney's fees; injunctive relief for Defendants to cease violations of the FLSA; and such other or additional relief deemed appropriate by the Court and available under the FLSA.

B. As to Count II, enter an order certifying that this action may be maintained as a class action pursuant to Fed. R. Civ. P. 23 and designating Plaintiff Cline as the

9

Rule 23 Class Representative, enter an order directing Defendants to pay into a common fund for the benefit of Plaintiff Cline and all other members of the Rule 23 Class the total amount of damages to which Plaintiff Cline and the Rule 23 Class is entitled, including six percent of their unpaid wages claim or two hundred dollars per pay period, whichever is greater; pre-judgment and post-judgment interest; costs of the litigation and administration of the common fund, and attorneys' fees; injunctive relief for Defendants to cease violations of the Ohio Prompt Pay Act, and such other or additional relief deemed appropriate by the Court.

C. Such other legal and equitable relief as this Court deems appropriate.

Respectfully submitted,

/s/ *Greg R. Mansell* \_\_\_\_\_
Greg R. Mansell (0085197)
(Greg@MansellLawLLC.com*)*
Evan Hasbrook (0102916)
(Evan@MansellLawLLC.com)
**Mansell Law, LLC**
1457 S. High St.
Columbus, OH 43207
Ph: 614-796-4325
Fax: 614-547-3614
*Counsel for Plaintiffs*

## JURY DEMAND

Plaintiffs hereby requests a jury of at least eight (8) persons.

/s/ *Greg R. Mansell*_____
Greg R. Mansell (0085197)