# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Annalyn Cline,
*for herself and all others similarly situated*,

    Plaintiff,

v.

Safe and Secure Homecare Corporation, *et al.*,

    Defendants.

Case No. 2:25-cv-193

Judge Michael H. Watson

Magistrate Judge Vascura

## ORDER

In their recent notice of settlement, the parties ask the Court to stay all current case deadlines for thirty days in light of the fact that they have "reached an agreement in principle to resolve all claims asserted in this action[.]" ECF No. 25. The parties represent that they plan to file only a stipulation of dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A), given "the Southern District of Ohio's guidance that judicial approval of private FLSA settlements is not required before the Parties effectuate a dismissal[.]" *Id.* (citing *Gilstrap v. Sushinati LLC*, 734 F. Supp. 3d 710, 714 (S.D. Ohio 2024) (Cole, J.), and *Butler v. Vill. Caregiving, LLC*, No. 2:22-cv-4359, 2025 WL 1513334, at *1 (S.D. Ohio May 28, 2025) (Deavers, M.J.)).

In *Gilstrap*, another Judge of this Court found that district courts are neither required nor authorized to review or approve FLSA collective settlements. 734 F.

Supp. 3d at 715; *see also, e.g.*, *Cataline v. Beechmont Brewing, LLC*, No. 1:23-CV-621, 2024 WL 4313715, at *1 (S.D. Ohio Sept. 26, 2024) (Hopkins, J.) (citing *Gilstrap* with approval); *Cummins v. Midmark Corp.*, No. 3:23-CV-277, 2024 WL 3405458, at *1 (S.D. Ohio July 9, 2024) (Newman, J.) (same).

Other Judges of this Court and of sister courts in the Sixth Circuit, however, still adjudicate motions seeking FLSA settlement approval. *See, e.g.*, *Loschiavo, et al. v. Advanced Drainage Systems, Inc.*, Nos. 2:21-cv-5069, 2:22-cv-2771, 2025 WL 1665508, at *1 (S.D. Ohio June 2, 2025) (Watson, J.); *Morrison v. Columbus Fam. Health Care LLC*, No. 2:22-CV-3460, 2024 WL 4452272, at *1 (S.D. Ohio Oct. 8, 2024) (Sargus, J.); *Hafley v. Amtel, LLC*, No. 1:21-CV-00203, 2024 WL 2313011, at *4 (S.D. Ohio May 21, 2024) (Marbley, J.); *Loweth v. Revolution Trucking, LLC*, No. 1:23-CV-02438-BMB, 2025 WL 1907006, at *1 (N.D. Ohio July 10, 2025); *Dally v. Plastic Omnium Auto Inergy (USA), LLC*, No. 23-CV-10877, 2025 WL 1660360, at *2 (E.D. Mich. June 11, 2025); *cf. Morrison*, 2024 WL 4452272, at *1 ("As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." (citation omitted)).

Although the Undersigned respects *Gilstrap*'s reasoning, the Undersigned intends to continue the practice of requiring parties to seek approval of their FLSA collective settlement when the settlement disposes of claims asserted by individuals other than the named plaintiff(s) and when those other individuals do

not sign the settlement agreement. Here, the Court understands from counsel that the settlement agreement will encompass not only Plaintiff's individual claims but also the claims of others who have consented to join the case. It is unclear whether counsel intend for those consenting individuals to sign the settlement agreement.

Accordingly, the Court **GRANTS** the parties' joint request to stay the deadlines in this case for **THIRTY DAYS** from the date of this Order. Within that time, the parties **SHALL** either (1) move for approval of their FLSA settlement,[1] or (2) obtain the signatures on the settlement agreement of those other individuals who have consented to join the case, obviating the need for any Court approval of the settlement and permitting the parties to file a stipulated dismissal.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] Typically, the named plaintiff(s) in an FLSA case will seek the issuance of court-authorized notice to potential plaintiffs (which involves a preliminary determination of similarly situatedness) before moving for the court's approval of a settlement. See *Hopkins v. Bassett Servs. Heating & Cooling, LLC*, No. 2:24-CV-3681, 2025 WL 2308357, at *1 (S.D. Ohio July 30, 2025). In this case, the Court observes that the parties have not sought to issue notice or to maintain this action on a collective basis. If the parties intend to take the path of seeking settlement approval, the Court directs them to the dockets of some of its recent FLSA cases for guidance. See, e.g., *Loschiavo* (Case Nos. 2:21-cv-5069, 2:22-cv-2771); *Ebright, et al. v. Universal Entertainment, LLC, et al.* (Case No. 2:24-cv-04165); *Scott v. AOP* (Case No. 2:25-cv-261); *Caldwell v. Safelite Fulfillment, Inc., et al.* (Case No. 2:24-cv-2756); *McGill, et al. v. Xponential Fitness LLC, et al.* (Case No. 2:23-cv-3909).